MATTER OF RAMIREZ

IN DEPORTATION PROCEEDINGS

A-14676294

*Decided by Board February 3, 1967*

Application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, filed by respondent, a native of El Salvador, prior to December 1, 1965 and denied on appeal by the Board of Immigration Appeals on January 13, 1966 solely on the ground of statutory ineligibility under section 245 as amended by P.L. 89-236 as a native of a country of the Western Hemisphere, upon reconsideration on its merits by the Board is, in the absence of outstanding equities, denied as a matter of discretion since respondent has no close family ties or dependents in the United States and his wife and 5 children are natives, nationals and residents of El Salvador, where, for 15 years, he had been in business as a tailor prior to selling his partnership in that business to finance his trip to this country in 1964.

DEPORTABLE: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Non-immigrant (temporary visitor)—Remained longer.

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
1210 Mills Tower
220 Bush Street
San Francisco, Calif. 94104
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin,
Trial Attorney

On November 10, 1965, the special inquiry officer denied the respondent's application for adjustment of his status to that of a permanent resident, as a matter of administrative discretion; granted his alternative request for voluntary departure; and provided for his deportation from the United States to El Salvador, on the charge contained in the order to show cause, in the event of his failure to so depart. On January 13, 1966, this Board dismissed the respondent's appeal which was directed solely to the special inquiry officer's denial of his application for adjustment of status to that of a permanent resident. Our decision, however, rested solely on the ground that the amendment to section 245 of the Immigration and Nationality Act (P.L. 89-236), effective December 1, 1965, rendered the respondent ineligible for

78

relief thereunder as a native of any country of the Western Hemisphere or of any adjacent island, to wit, El Salvador.

The trial attorney, acting in behalf of the Immigration and Naturalization Service, now moves that we reconsider our prior decision, in the light of section 3 of the Act of November 2, 1966 (P.L. 89–732, 80 Stat. 1161), providing that applications for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act, filed by natives of the Western Hemisphere countries prior to December 1, 1965, can be considered and decided under the law in effect when they were filed. The request is that, on the basis of this latest pertinent legislation, we withdraw our order of January 13, 1966; consider the respondent's application for adjustment of his status to that of a permanent resident on the merits; and, finally, that we affirm the special inquiry officer's order denying his application, as a matter of administrative discretion.

The record relates to a 48-year-old married male alien, a native and citizen of El Salvador, who last entered the United States on or about October 16, 1964. He was then admitted as a nonimmigrant temporary visitor for a period until March 16, 1965. On June 11, 1965, his application for adjustment of status to that of a permanent resident was administratively denied. He was thereafter granted the privilege of departing from the United States voluntarily without the institution of deportation proceedings for a period which, with extensions, extended to August 5, 1965. He has, however, remained in this country to the present time.

The foregoing establishes the respondent's deportability on the above-stated ground. This was conceded in the course of the hearing before the special inquiry officer. It stands unchallenged here. This aspect of the case, accordingly, needs no further discussion.

The special inquiry officer has already granted the respondent the privilege of voluntary departure. Suffice it to say, in this connection, that the record before us supports said official's action in this respect.

The respondent's wife and five children are natives, nationals and residents of El Salvador. He has no relatives in this country. Prior to coming to the United States, he had been in business as a tailor in El Salvador for 15 years. He sold his partnership in that business to finance his trip to the United States, leaving part of the funds derived from its sale with his wife.

In applying for his temporary visitor's visa, respondent indicated that he desired to come to the United States for two months to visit and have his eyesight checked. He did not, however, visit a doctor until he had been in this country for nine months.

Approximately two months after his arrival here, respondent began

to think that he would like to remain and requested an extension of his stay so that he could have time to make arrangements to apply for permanent resident status. He gave as his reason for requesting an extension of stay that he would like to spend Christmas here.

As already indicated, the respondent left part of the proceeds of the sale of his tailor shop with his wife when he came to the United States. Apparently, in view of this fact and the additional fact that two of his children are employed in El Salvador, the respondent has not had to send funds to his wife. She apparently has earned some income from work as a dressmaker. The respondent has been employed in this country as a tailor, and earns a salary of approximately $100 per week.

In the last analysis, the grant of an application for adjustment of status as provided for in section 245 of the Immigration and Nationality Act is a discretionary matter. This Board has consistently held that the extraordinary discretionary relief provided for in that section of the law should only be granted in meritorious cases. (See *Matter of O–T–*, A–13326833, B.I.A., 7/16/65; Int. Dec. No. 1508.) On the basis of the factors hereinbefore recited, we find that there are no outstanding equities in this case crying out for favorable action on the application. We particularly note that the respondent has no close family ties or dependents living in the United States, and that his wife and their five children are natives, citizens and residents of El Salvador. Our opinion, in this respect, is not altered by the points stressed in the respondent's reply to the Service motion for reconsideration, to wit:

(1) He is presently exempted by law from the necessity of securing employment certification under the provisions of section 212(a)(14) of the Immigration and Nationality Act (8 U.S.C. 1182), in connection with his application for adjustment of status in the United States;

(2) if he now departs, he will be required to secure such certification before he may be allowed to return to this country; and

(3) it would be unnecessarily harsh to require the respondent to leave the United States after all the time he has been present here, and thereafter perhaps lose whatever opportunity he may have had to become a permanent resident.

Accordingly, we agree with the special inquiry officer that on the basis of the entire record the respondent's case fails to measure up to the standard required for favorable exercise of the Attorney General's discretion to adjust his status to that of a permanent resident. That official's decision, therefore, is approved.

**ORDER:** It is ordered that the motion be granted; that our decision of January 13, 1966, be withdrawn; and that the special inquiry officer's decision of November 10, 1965, be and the same is hereby affirmed.